UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

T2 BIOSYSTEMS, INC.,

  Plaintiff and Defendant-in-Counterclaim,

vs.

MICHAEL KRAUS,

  Defendant and Plaintiff-in-Counterclaim.

C.A. No. 1:19-CV-10156

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

     The parties to this Stipulated Confidentiality Agreement and Protective Order (the "Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

     **1.**     **Scope.**  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, answers to interrogatories, answers to requests for admissions, deposition testimony and exhibits, documents obtained pursuant to subpoena, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

     **2.**     **Confidential Information.** As used in this Order, "Confidential Information" means confidential, proprietary, financial or otherwise highly sensitive or legally-protected information designated as "CONFIDENTIAL" by the producing party.  Confidential Information may include information that falls within one or more of the following categories: (i) information that is required to be treated as confidential by law; (ii) trade secrets, (iii) confidential business, research, development, or other commercial information, including, but not limited to, proprietary

business information; information regarding corporate structure, procedures, policies, strategies, governance, and/or staffing decisions; information reflecting marketing strategies or activities; potential new business enterprises; customer or prospective customer lists and/or customer or prospective customer information; customer buying information; information about other employees; information about pricing; financial information, or (iv) personal, private information not typically publicly shared.  Information or documents that are available to the public may not be designated as Confidential Information.

      **3.**      **Form of Designation for Documents and Tangible Things.**

      **a.**      A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" (a "Confidentiality Stamp") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The Confidentiality Stamp shall be applied prior to or at the time of the documents are produced or disclosed.  Applying a Confidentiality Stamp to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked with a Confidentiality Stamp shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

      **b.**      All designations of Confidential Information shall be made in good faith by the party or entity making such designation (the "Designating Party") and shall be made at the time of disclosure, production, or tender to the party receiving such disclosure production or tender (the "Receiving Party"), or at such other time as permitted by this Order.  Designation of Confidential

Information shall be limited to information the Designating Party has a good faith interest in preserving as confidential and/or a responsibility to individuals in preserving their privacy rights and/or a responsibility to third parties to preserve the confidential or proprietary nature of the information.

      c.      The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.

      d.      Receipt without objection by the Receiving Party of Confidential Information shall not constitute an admission or agreement that such information has been appropriately designated as such.

    4.      **Form of Designation for Depositions**.  Any party may designate all or part of a deposition as CONFIDENTIAL on the record during the deposition.  Absent such designation, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of 30 days after the transcript is delivered to all parties.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  After the expiration of 30 days, any party may designate portions of deposition transcripts as CONFIDENTIAL with reasonable notice to all other parties, which shall result in those designated portions of the deposition transcripts being treated as confidential from that point forward (unless and until the confidentiality designation is removed).

    5.  **Protection of Confidential Material.**

      a.  **General Protections.**  Confidential Information shall be used by the Receiving Party and persons identified in subparagraph 5(b) ("Qualified Persons") solely for the purposes of

this action (including appeals and retrials) and shall not be used or disclosed for any purpose whatsoever, including, without limitation, business, governmental, commercial, administrative, judicial, media, personal, or public purposes, or any other transactions or purposes unrelated to this action.

       **b. Limited Third-Party Disclosures to Qualified Persons.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i) through (xi) set forth immediately below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    i. Counsel for the parties, and employees and independent contractors of counsel who have responsibility for the action;

    ii. The parties and any officers or employees of the parties who are assisting the party with the litigation;

    iii. The Court and its personnel;

    iv. Court reporters and recorders engaged for depositions;

    v. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors and independent contractors hired to process electronically stored documents;

    vi. Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

    vii. Witnesses. A witness who has been noticed or subpoenaed for deposition or court appearance in this action to the extent reasonably necessary for the preparation for giving of the witness's testimony about Confidential Information, but that the witness shall not be permitted to retain any such documents or things or any copies thereof unless otherwise authorized to receive such information under this Order;

    viii. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

      ix.  Insurers.  The parties' insurers and their counsel;

      x.  Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    **c.**    **Acknowledgement of Understanding and Agreement to Be Bound.**  Any Qualified Person entitled to receive Confidential Information pursuant to subparagraphs (v), (vi), (vii), (ix), and (x), of paragraph 5(b) shall, prior to receiving such Confidential Information, read this Order, and shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.  Counsel shall maintain the originals of the forms signed by Qualified Persons acknowledging their obligations under this Order for a period of three years after the termination of the case.  The Court and opposing counsel may, upon request, inspect the forms, except there shall be no right to inspect the forms signed by persons identified in subparagraphs (vi) and (vii) until after they have been identified as testifying witnesses in accordance with the Federal Rules of Civil Procedure.

    **d.**    **Control of Documents**.  Counsel for the Receiving Party shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the Receiving Party or Qualified Person shall, upon learning of such disclosure, immediately bring all pertinent facts relating to such disclosure to the attention of Designating Party and shall make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

**6.**    **Inadvertent Failure to Designate**.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document.  If a party designates a document as Confidential Information after it was initially produced, the

Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

    7.    **Third Parties' Right to Designate Confidential Information**.  Third parties who produce documents in this case, pursuant to subpoenas or otherwise, may obtain the benefits of this Order by designating information as CONFIDENTIAL, in accordance with paragraphs 2-4 of this Order.

    8.    **Filing of Confidential Information**.  This Order does not, by itself, authorize the impoundment of any documents.  However, any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must first file a motion to impound in accordance with the Local Rules of this District and the Federal Rules of Civil Procedure, unless the Designating Party consents to its public filing.  If a motion for impoundment is filed, the party who designated the document as Confidential Information has the burden of establishing the confidential nature of the document and the extraordinary remedy of impoundment.  The parties shall work together in good faith with respect to any impoundment issues.

    9.    **Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

    a.    **Meet and Confer**.  The Receiving Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation,

and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days.

      **b.**    **Judicial Intervention**. A Receiving Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

      **10.**    **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

      **11.**    **Use of Confidential Documents or Information at Trial or Hearing**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or a hearing.

      **12.**    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

      **a.**    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential

Information, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

     **b.**     The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

     **c.**     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

     **13.**     **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been impounded, and the party asserting confidentiality will have the burden of demonstrating the propriety of impoundment.

     **14.**     **Obligations on Conclusion of Litigation.**

     **a.**     **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

     **b.**     **Obligations at Conclusion of Litigation**. Within seventy-five (75) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information

protected under this Order, including copies as defined in paragraph 3(a), shall be returned to the Designating Party, or destroyed by the Receiving Party or Qualified Person, at the Receiving Party or Qualified Person's option, provided, however, that counsel for the Receiving Party shall be entitled to retain a copy of Confidential Information in its files.  The Receiving Party and Qualified Persons shall certify in writing to the Designating Party that all Confidential documents have been returned, destroyed, or (with respect to counsel only) retained as the case may be, within ninety (90) days after dismissal or entry of final judgment not subject to further appeal.

      **c.**    **Retention of Work Product**.  In addition to retaining a copy of Confidential Information in its files, counsel may also retain attorney work product that refers or relates to designated Confidential Information.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

    **15.**    **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

    **16.**    **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

    **17.**    **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED.

Dated: February  1  , 2021

                                                   ENTERED:

                                                 */s/Richard G. Stearns*
                                                 Richard G. Stearns
                                                 United States District Judge

The above terms and conditions are hereby stipulated and agreed to by the respective undersigned counsel for the parties in the above-captioned action, subject to the approval of the Court:

| **MICHAEL KRAUS** | **T2 BIOSYSTEMS, INC.** |
|---|---|
| By his attorneys, | By its attorneys, |
| /s/ Joseph D. Whelan | /s/ Mark Macchi |
| Joseph D. Whelan (BBO# 663248) | C. Max Perlman (BBO# 630395) |
| jwhelan@whelancorrente.com | max@hrwlawyers.com |
| WHELAN CORRENTE & FLANDERS LLP | Mark Macchi (BBO# 699029) |
| 100 Westminster Street, Suite 710 | mmacchi@hrwlawyers.com |
| Providence, RI 02903 | Hirsch Roberts Weinstein LLP |
| (401) 270-4500 | 24 Federal Street, 12th Floor |
| (401) 270-3760 (fax) | Boston, Massachusetts 02110 |
| | (617) 348-4300 |
| | (617) 348-4343 (fax) |
| Dated: February 1, 2021 | Dated: February 1, 2021 |

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| T2 BIOSYSTEMS, INC.,<br><br>  Plaintiff and Defendant-in-Counterclaim,<br><br>vs.<br><br>MICHAEL KRAUS,<br><br>  Defendant and Plaintiff-in-Counterclaim. | C.A. No. 1:19-CV-10156 |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that a violation of the Confidentiality Order may result in penalties for contempt of court.

Date: _____    By: _____

                             Name (Printed): _____

                             Address: _____

                                       _____